**NATIONAL LIABILITY & FIRE INSURANCE COMPANY, a Connecticut corporation, Plaintiff-counterdefendant—Appellee,**

v.

**Angelo Raffaele FIORE, an individual; et al., Defendants,**

**and**

**Pacific Window Corporation, a California corporation; et al., Defendant-counterclaimants-third-party-plaintiffs—Appellants,**

---

8. *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Scanlon & Associates Insurance Broker, Inc., d/b/a Scanlon Guerra Jacobsen Insurance Brokers, Real-party-in-interest—Appellant,

v.

Heath Insurance Brokers Inc.,
a California corporation,
Third-party-defendant,

and

Ringwalt & Liesche Co., a Nebraska corporation d/b/a Pacific Gateway Insurance Agency, Third-party-defendant—Appellee.

No. 03–57016.

D.C. No. CV–03–00608–JVS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2005.

Decided June 29, 2006.

Susan M. Walker, Esq., Sonnenschein, Nath & Rosenthal, Los Angeles, CA, for Plaintiff–Counter–Defendant–Appellee/Third–Party–Defendant–Appellee.

Yana Yudelevich, Esq., Yudelevich & Associates, Los Angeles, CA, for Defendants.

Shenne J. Hahn, Esq., Wilson, Kenna & Borys, Los Angeles, CA, for Defendants–Counter–Claimants–Third–Party–Plaintiffs–Appellants/Real–Party–In–Interest–Appellant.

James M. Fraser, Esq., Law Offices of Patrick Whalen, South Coast Metro, CA, for Third-Party-Defendant.

Before REINHARDT and RAWLINSON, Circuit Judges, and FOGEL,* District Judge.

## MEMORANDUM **

In this diversity action, National Liability & Fire Insurance Company (National) filed a Complaint for Declaratory Relief against Pacific Window Corporation (Pacific Window) and others seeking a judgment that National had no duty to defend or indemnify Pacific Window in a suit against Pacific Window arising from a vehicle accident. National argues that the policy was not in effect at the time of the accident. The district court entered summary judgment in favor of National and Pacific Window appeals.[1]

Although the parties focused their arguments on the proper construction of Cal. Ins.Code § 460, which governs the inception time of an insurance policy, there is no need for us to construe that provision if coverage was bound on January 10, 2001, prior to the date of the motor vehicle accident that triggered the coverage dispute in this case.[2]

"[A] binder ... is a temporary contract of insurance ... which temporarily obligates the insurer to provide insurance coverage pending issuance of the insurance policy." *Adams v. Explorer Ins. Co.*, 107 Cal.App.4th 438, 451, 132 Cal.Rptr.2d 24 (2003) (citations, alterations and internal quotation marks omitted). Pacific Window contends that Gateway conferred actual authority on Heath to bind coverage without confirmation from Gateway. Pacific Window reasons that because Gateway, National's general agent, conferred actual authority on Heath, Heath was National's agent and Gateway's subagent. In the alternative, Pacific Window contends that Heath had ostensible authority to bind coverage.

Generally, a broker has no binding authority and, thus, is not a general agent for the insurer. *Rios v. Scottsdale Ins. Co.*, 119 Cal.App.4th 1020, 1026, 15 Cal.Rptr.3d 18 (2004). However, "[a]n agent has such authority as his principal actually or ostensibly confers upon him." *Skyways Aircraft Ferry. Serv., Inc. v. Stanton*, 242 Cal.App.2d 272, 281, 51 Cal. Rptr. 352 (1966) (citation omitted). Actual authority is conferred when a principal "intentionally or by want of ordinary care allows *the agent* to believe himself to possess [actual authority]." *Gulf Ins. Co. v. TIG Ins. Co.*, 86 Cal.App.4th 422, 438, 103 Cal.Rptr.2d 305 (2001) (citation omitted) (emphasis added). "An agency is ostensible when the principal intentionally, or by want of ordinary care, causes *a third person to believe another to be his agent ...*" *Royal Indem. Group v. Travelers Indem.*

---

* The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. National issued the insurance policy through its general agent, Pacific Gateway Insurance (Gateway). The insurance contract was brokered through Scanlon & Associates Insurance Brokers, Inc. (Scanlon), the retail agent for Pacific Window, and Heath Insurance Brokers Inc. (Heath), the wholesale broker who communicated the contract terms between Scanlon and Gateway.

2. We note that the language in Cal. Ins.Code § 460 is susceptible to more than one construction, rendering it ambiguous concerning the inception time of the policy in this case.

*Co. of Rhode Island,* No. C–04–00886RMW, 2005 WL 2176896, at *10 (N.D.Cal. Sept.6, 2005) (citation omitted) (emphasis added). The doctrine of ostensible authority extends to subagents. *See Gulf Ins.,* 86 Cal.App.4th at 439, 103 Cal. Rptr.2d 305.

The policy issued by National Liability listed Heath as the subagent. This fact supports Pacific Window's argument that Heath had ostensible authority. However, Gateway's binding procedures for its wholesale brokers provide that all wholesale brokers may request coverage by *"a written request"* and that "COVERAGE WILL BE BOUND BASED ON THE ***TIME AND DATE*** OF YOUR *FAX."* Notwithstanding that provision, Scanlon's principal provided a declaration stating that it was "common practice" between him and Heath's president to give oral orders over the telephone and obtain coverage orally. Complicating the issue further is the fact that the Producer Agreement between Gateway and Heath provides that Heath "has no authority to accept or bind risks on behalf of" Gateway. Additionally, the Indication sent by Gateway to Heath on January 9, 2001 states in bold letters: "REMEMBER YOU HAVE NO BINDING AUTHORITY, WE MUST CONFIRM COVERAGE TO YOU IN WRITING." In view of the conflicting evidence, a material question of fact exists regarding whether Heath had actual or ostensible authority to bind coverage on January 10, 2001. Because a question of fact existed, summary judgment was not warranted. *See Yamaguchi v. U.S. Dept. of the Air Force,* 109 F.3d 1475, 1483 (9th Cir. 1997).[3]

As summary judgment was improperly granted, so were attorney's fees and costs to National. *See International Bhd. of Elec. Workers v. Brock,* 68 F.3d 1194, 1204 (9th Cir.1995).

We reverse the district court's grant of summary judgment and attorney's fees to National and remand for further proceedings consistent with this disposition.

REVERSED and REMANDED.

---

3. National also asserts that Pacific Window's failure to inform Scanlon of the accident until January 30, 2001, constituted "unclean hands." Whether there was concealment is a question of fact, which would also render summary judgment inappropriate. *See O'Riordan v. Federal Kemper Life Assur.,* 36 Cal.4th 281, 283, 289, 30 Cal.Rptr.3d 507, 114 P.3d 753 (2005). On remand, the district court may consider the issue.